UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENN GOLDBLATT, *et al.*,

Plaintiffs,

v.

JAMES A. DOERTY,

Defendant.

Case No. C11-0288RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendant King County Superior Court Judge James Doerty. Plaintiffs are Barbara Baillie and Kenn Goldblatt, who identifies himself in the caption as "Pro Se and as ADAAA Advocate for Barbara Baillie." Plaintiffs contend that Judge Doerty violated their due process rights and violated the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 ("ADAAA"). Plaintiffs assert claims under the ADAAA and 42 U.S.C. § 1983.

## II. ANALYSIS

Plaintiffs filed their complaint in this Court on February 17, 2011. The events and actions about which they complain occurred in the context of a state court family law proceeding, *In re the Marriage of Paul Mudrovich, Petitioner and Barbara Mudrovich, Respondent*, King County

ORDER GRANTING
MOTION TO DISMISS - 1

1  Superior Court Cause No. 08-3-07317-7SEA (the "state court action"). Approximately two
2  years after the case was filed, Baillie (formerly Barbara Mudrovich) filed a request for
3  accommodations with the Superior Court under the Americans with Disabilities Act ("ADA")
4  and pursuant to General Rule 33. She submitted a report from a "Licensed Mental Health
5  Counselor" stating that plaintiff has PTSD, ADD, and "Legal Abuse Syndrome." Plaintiffs'
6  Complaint, (Dkt. #3-1), Ex. M. Plaintiff requested, among other things, a one-year hiatus from
7  any court proceedings, reimbursement for time taken away from work, an escort to and from her
8  car for all court proceedings, and a "disability advocate with her at all time in the Court process.
9  This advocate may need to speak to the Court for her if she is symptomatic." Id. Shortly
10 thereafter, the Superior Court's Access Coordinator responded to plaintiff in writing, approved
11 some of the requests, allowed plaintiff to have a disability coordinator accompany her to any
12 hearings, and notified her that she should present some of the requests to Judge Doerty, the
13 assigned judge. Id. Subsequently, Judge Doerty issued an order denying plaintiff any further
14 accommodation.

15      On December 30, 2010, Kenn Goldblatt filed a Notice of Appearance in the state court
16 action stating that he was appearing as Barbara Baillie's "ADAAA Advocate." He also filed a
17 motion for a continuance of an upcoming hearing, writing "Advocate Goldblatt needs to review
18 over two years of litigation and documentation to be prepared for the scheduled hearing."
19 Plaintiffs' Complaint, Ex. P. During the hearing, Judge Doerty granted the request to allow
20 Goldblatt to serve as an ADAAA advocate but ruled that because Goldblatt was not licensed to
21 practice law, he would not be permitted to address the court. Id., Ex. U. The Court also issued
22 an order of contempt against Baillie for failing to comply with the parenting plan. Goldblatt
23 filed a motion for reconsideration. The Court denied the motion and imposed sanctions against
24 Goldblatt. Plaintiffs filed this action approximately one month later.

25      Defendant has filed a 12(b)(6) motion for failure to state a claim upon which relief can be
26 granted. The complaint should be liberally construed in favor of the plaintiff and its factual

allegations taken as true. See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992). The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." Id. at 555. The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." Id. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

As an initial matter, although Goldblatt has filed this action "as ADAAA Advocate for Barbara J. Baillie," pro se litigants have no authority to represent anyone other than themselves. See, e.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (explaining that a non-attorney plaintiff may not pursue claims on behalf of others in a representative capacity). Therefore, the Court will consider each plaintiff's claims but will not permit Goldblatt to pursue claims on Baillie's behalf.

Plaintiffs contend that Judge Doerty violated their rights by imposing sanctions on Goldblatt, finding Baillie in contempt, and refusing to allow Goldblatt to act as an "ADA advocate" for plaintiff Baillie during state court family law proceedings. Judges are absolutely immune from damages liability for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). Congress has also precluded a claim for injunctive relief against a judicial officer acting in his or her official capacity, except in certain narrow circumstances that are not at issue in this case. 42 U.S.C. § 1983 (as amended by the Federal

ORDER GRANTING
MOTION TO DISMISS - 3

Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (Oct. 19, 1996)).

In their response to this motion, plaintiffs note that Congress has abrogated states' Eleventh Amendment immunity for ADA claims. Defendant, however, is not arguing that Eleventh Amendment immunity applies.

While acknowledging that judges typically enjoy absolute immunity, plaintiffs argue that Judge Doerty is not entitled to immunity in this case because the actions complained of were performed "in the ministerial and administrative role mandated" by the ADAAA as an "ADA Coordinator." Plaintiffs' Response at p. 3. "A judge lacks immunity where he acts in the clear absence of jurisdiction or performs an act that is not judicial in nature." Ashelman, 793 F.2d at 1075 (internal citations and quotations omitted). To determine if a given action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." Id. at 1075-76. In this case, the functions about which plaintiffs complain occurred in open court or in the judge's chambers. The controversy centers around a case pending before the judge.

Furthermore, the events at issue arose directly and immediately out of a confrontation with the judge in his official capacity. Issuing orders, including orders related to family law matters, are judicial in nature. Ashelman, 793 F.2d at 1077; see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1302 (9th Cir. 1989) ("Divorce cases often engender bitterness between the litigants. Judicial immunity for cases coming within the trial judge's general subject matter jurisdiction prevents disappointed parties from targeting the judge for retribution."). In fact, in Duvall v. County of Kitsap, the Ninth Circuit held that a superior court judge "was acting in a judicial capacity" when he refused to accommodate a litigant appearing before him. 260 F.3d 1124, 1133 (9th Cir. 2001) ("Ruling on a motion is a normal judicial function, as is

ORDER GRANTING
MOTION TO DISMISS - 4

exercising control over the courtroom while court is in session."). Although plaintiffs argue that Duvall was decided before the passage of the ADAAA, there is no indication that the ADAAA was intended to limit the scope of judicial immunity. Rather, the legislation was aimed primarily at expanding the definition of disability, which is not at issue in this case. See, e.g., U.S. Equal Employment Opportunity Commission Fact Sheet on the EEOC's Final Regulations Implementing the ADAAA. Accordingly, because Judge Doerty is entitled to absolute immunity, plaintiffs' claims against him fail as a matter of law.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt. #19) and dismisses plaintiffs' claims with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs.

DATED this 28th day of June, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 5